UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HAWKINS,

        Petitioner,                  Case No. 11-11250

                                                          HON. AVERN COHN

v.

BLAINE C. LAFLER,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO AMEND, ALTER, OR GRANT RELIEF (Doc. 17)

I.

Petitioner Charles Hawkins filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that his is incarcerated in violation of his constitutional rights. On May 11, 2015, the Court denied the petition on the grounds that his claims lacked merit or were barred from review by his procedural default. (Doc. 15). The Court also declined to issue a certificate of appealability.

Before the Court is Petitioner's motion to amend, alter or grant relief under Fed. R. Civ. P. 59(e). Petitioner also cites Fed. R. Civ. P. 52(b), allowing a court to amend its findings, and Fed. R. Civ. P. 60(b)(6), allowing a court to grant relief from judgment for "any . . . reason that justifies relief." For the reasons that follow, the motion is DENIED.

II.

Petitioner's motion is properly be analyzed as a motion for reconsideration under E.D. Mich. Local Rule 7.1. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich.

1999).  LR 7.1(h) requires the movant to demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from a correction thereof.  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain.  Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

III.

Petitioner says he is entitled to relief because the Court erroneously stated that Petitioner shot the victim twice in the leg.  Petitioner says that he hit the victim a single time.  He says that the fact that he shot the victim once and not twice undermines the Court's analysis with respect to his sufficiency of the evidence claim and ineffective assistance of counsel claim.  Petitioner also puts his own gloss on the trial facts, again asserting that the victim was the initial aggressor and disputing the prosecutor's witnesses' version of events.

Petitioner is correct that only one bullet hit the victim.  The Court's minor error in stating that Petitioner shot the victim twice in the leg does not result in a different disposition of the case.  Petitioner fired two shots.  One hit the victim, which caused two wounds, including the fatal one.  The record showed that the bullet which hit the victim entered and exited one leg then re-entered the victim's other leg, severing the femoral artery in the second leg.  Even if Petitioner only hit the victim once, a rational fact-finder, viewing the evidence most favorably to the prosecution could infer that Petitioner either 1) intended to commit great bodily harm, or 2) an intent to do an act in wilful disregard of the likelihood that the natural tendency of the act is to cause death or great bodily harm.  People v. Roper, 286 Mich. App. 77, 84 (Mich. App. 2009).  Moreover, for the reasons

stated in the Court's opinion, counsel was not ineffective for failing to argue that the victim's actions of pacing after being shot constituted a superceding cause of death. Nor do Petitioner's arguments alter the Court's determination that Petitioner is not entitled to a certificate of appealability.  Reconsideration is not warranted.

    SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2015
      Detroit, Michigan